UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>     vs.<br><br>BETHLEHEM SHAH,<br><br>                     Defendant. | CR. 18-50089-02-JLV<br><br><br>ORDER |

## INTRODUCTION

Defendant Bethlehem Shah, appearing *pro se*, filed a motion for compassionate release.  (Docket 258).  Pursuant to Standing Order 20-06, the United States Attorney for the District of South Dakota filed records, submissions and briefing on Ms. Shah's motion.  (Dockets 260-61).  Ms. Shah's mother also filed two support letters on behalf of Ms. Shah.  (Dockets 259 & 162).  For the reasons stated below, defendant's motion is denied.

## FACTUAL BACKGROUND

Following a jury trial, Ms. Shah was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.  (Docket 231 at p. 1).  On December 14, 2020, Ms. Shah was sentenced to 120 months in the custody of the United States Bureau of Prisons ("BOP") followed by five years of supervised release.  Id. at pp. 2-3.

A presentence investigation report ("PSR") ordered by the court indicated Ms. Shah's guideline range was 151 to 188 months of imprisonment based on a total offense level of 34 and her criminal history category I. (Docket 226 ¶ 67). The statutory minimum term of imprisonment was 10 years and the maximum sentence was life. Id. ¶ 65. The court sentenced Ms. Shah to the mandatory minimum 120 month sentence. (Docket 231 at p. 2).

Ms. Shah is currently an inmate at FCI Waseca, a low security federal correctional institution at Waseca, Minnesota. See Federal Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked September 6, 2023). Her scheduled release date is August 22, 2026. Id.

## ANALYSIS

### A. Legal Standard

Because sentences are final judgments, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act ("FSA"), which amended 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release.

Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy

statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018).  The inmate bears the burden to establish that compassionate release is warranted.  United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).  The district court is not required to investigate possible avenues for relief or to develop the record in support of a motion.  United States v. Banderas, 39 F.4th 1059 (8th Cir. 2022).

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons." Congress did not define what constitutes "extraordinary and compelling." 28 U.S.C. § 994(t).  Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples.  Id.  Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios which are the consideration of the defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served and (4) compelling family circumstances.  Id.  There is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described" as determined by the Director of the Bureau of Prisons.

3

U.S.S.G. § 1B1.13 cmt. n.1(D).  These categories have not been updated since December 2018 when FSA became law.

As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies.  See Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022) ("the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence").  The purpose of the First Step Act is to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.  It is clear Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Ms. Shah requested compassionate release from FCI Waseca's Warden on January 1, 2023.  (Docket 260 at p. 157).  The Warden denied Ms. Shah's

motion on January 27, 2023.  Id.  at p. 145.  Ms. Shah exhausted her administrative remedies; accordingly, the court will address the merits of her motion.

B. **Defendant's Motion for Compassionate Release**

Ms. Shah seeks compassionate release or a reduction in her sentence because of the United States' denial of her "transfer to Canada through the International Prisoner Transfer Unit by way of the Treaty of Penal Sentences" after her transfer had been approved by "The Consulate General of Canada." (Docket 258 at p. 1).  Additional reasons for which Ms. Shah seeks compassionate release are because of housing issues at FCI Waseca and the waiting list to qualify for "Evidence-Based Recidivism Reduction (EBRR) programs and Productive Activities (PA)."  Id. at pp. 1-2.  "[A]s a deportable Canadian citizen," Ms. Shah asserts she is not eligible for BOP inmate programming.  Id. at p. 2.  While incarcerated, Ms. Shah reports her "pattern score assessment with the BOP is low-security/risk/recidivism status and [she is] a non-violent offender."  Id.  She has "successfully completed Critical Thinking courses" and has received her "high school diploma."  Id.  She also reports "working at Waseca as an orderly in Unit C" and having "worked in the Psychology department for about 7 months."  Id.

Ms. Shah's mother, Priti Shah, submitted a letter in support of her daughter's motion for compassionate release.[1]  (Docket 259).  Mrs. Shah's letter discusses the impact Ms. Shah's absence from their Canadian home has had on Ms. Shah's now four-year-old daughter, Mrs. Shah, and other family

---

[1]For clarity, Priti Shah will be identified as "Mrs. Shah" in this order.

5

members. Id. Ms. Shah and her daughter have not been able to maintain regular communications or a "consistent relationship." Id. at p. 1. This interferes with the child's ability "to contact her mother when she needs," which has resulted in a number of childhood mental health development issues. Id. at p. 2. Mrs. Shah describes the numerous significant health issues suffered by herself and other family members while Ms. Shah has been incarcerated in the United States. Id. at pp. 1-3.

If compassionate release is not available, Mrs. Shah asks the court to order Ms. Shah transferred to the Edmonton Institution for Women in Edmonton, Canada, to serve the remainder of her sentence. (Docket 262 at p. 1). In Mrs. Shah's view, this placement would permit the family to visit in-person with Ms. Shah. Id.

While the circumstances and hurdles Ms. Shah's daughter and other family members face because of Ms. Shah's incarceration, the court does not find her family situation to be an extraordinary and compelling reason that justifies compassionate release. These are the types of consequences frequently seen when a family member engages in criminal conduct and is serving a lengthy prison sentence.

Ms. Shah seeks compassionate release because of the general prison conditions at FCI Waseca. (Docket 258 at pp. 1-2). These complaints are not individual to her, but instead relate to the general prison conditions. These complaints must be remedied through administrative avenues or lawsuits. See United States v. Bolden, CR16-320, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[c]onditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for

6

compassionate release."); United States v. Butov, 16-CR-226, 2020 WL 5910063, at *5 (W.D. Wash. Oct. 6, 2020) ("Courts have consistently rejected . . . generalized arguments as a basis for compassionate release," such as challenges to BOP medical staffing or lack of adequate testing); United States v. Rollness, CR06-041, 2021 WL 4476920, at *4 n.3 (W.D. Wash. Sept. 30, 2021) ("the Court rejects defendant's reasoning because it is not sufficiently individualized."); United States v. Ward, 20-cr-40101, 2022 WL 16538152 (S.D. Ill. October 28, 2022) ("As for the conditions of Ward's confinement, including exposure to mold, asbestos, and lead paint, he may seek relief from any unconstitutional conditions through an administrative remedy and then a conditions of confinement lawsuit.").

Ms. Shah asserts she should be released due to her own rehabilitative efforts in the face of administrative barriers imposed by the BOP because of her deportation status.  Because the FSA changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges."  United States v. Hodgin, No. 4:15-CR-40110-02, 2021 WL 928179, at *3 (D.S.D. Mar. 11, 2021) (quoting United States v. Condon, 458 F. Supp. 3d 1114, 1118 (D.N.D. 2020)).  Although the court is allowed to determine if a situation fits under the catch-all exception, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" to justify compassionate release.  United States v. Brown, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020) (quoting 28 U.S.C. § 994(t)). "For the word 'alone' to do any work—as it must—that means courts can

7

consider rehabilitation as part of a compassionate release motion." Id.; see also United States v. Contreras, 504 F. Supp. 3d 1052, 1060 (D.S.D. 2020) (The Sentencing Commission recognizes that rehabilitation cannot be the sole factor for compassionate release.). The court explained why compassionate release is not justified due to Ms. Shah's family circumstances or the general conditions in prison, leaving rehabilitation as the sole ground for release. Because rehabilitation alone cannot justify compassionate release, Ms. Shah's motion is denied.

### C. 3553(a) Factors

The 18 U.S.C. § 3553(a) sentencing factors further show compassionate release is not warranted. The factors are:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed—

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a).

The 3553(a) factors also counsel against early release. Ms. Shah was convicted of transporting 88 pounds of cocaine from California to South Dakota with the final destination being in Canada. (Docket 226 ¶ 6). The evidence at

trial disclosed this criminal act was not an isolated event but was a course of conduct of being involved in international drug trafficking.  Id. ¶ 13.  Ms. Shah's guideline range was significantly higher than the statutory mandatory minimum sentence required by Congress.  Id. ¶¶ 65 & 67.  The court recognized Ms. Shah's general participant role in the conspiracy and imposed only the mandatory 120 month minimum sentence.  (Docket 231 at p. 2).

The court commends Ms. Shah for her good conduct while incarcerated and seeking to take advantage of any available programming and encourages her to continue along that path.  (Docket 260 at pp. 150-51).  The 3553(a) factors do not support her early release.

### D.  MRS. SHAH'S REQUEST FOR PRISON TRANSFER

Mrs. Shah requests the court order the BOP to transfer Ms. Shah to the Edmonton Institution for Women.  (Docket 262 at p. 1).  The request must be denied as the district court has no authority to direct the placement of a prisoner once a sentence is imposed.  That authority remains with the BOP. 18 U.S.C. § 3621(b).

### ORDER

Based on the above analysis, it is

ORDERED that defendant's motion for compassionate release (Docket 258) is denied.

Dated September 12, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE